
CRUMMER *vs.* HUFF.

In *replevin*, though in fact a suit against an officer for acts done in his official capacity, the defendant is not entitled to *double costs*, under the statute 1 *R. L.* 155. Directions in the taxation of costs in various particulars.

MOTION for retaxation of costs. The defendant had taxed double costs against the plaintiff in an action of *replevin*. The defendant having justified the taking of the property as a constable by virtue of an execution issued by a justice of. the peace, obtained a verdict and had damages assessed in his favor. The plaintiff asks for a retaxation on the ground that the defendant in replevin is not entitled to double costs, and that various items in the bill allowed by the taxing officer are objectionable.

*T. Lawyer*, for plaintiff.

*I. Seelye*, for defendant.

*By the Court*, WOODWORTH, J. Double costs were taxed in this case under the impression that the action of *replevin* came within the spirit of the " act for the more easy pleading in certain cases," (1 *R. L.* 155,) allowing double costs. The act specifies the actions of case, trespass, battery and false imprisonment, in which if the defendant, sued for acts done in his official capacity, prevails on the trial, he is entitled to double costs. Replevin is not amongst the actions enumerated in the statute ; and though in many cases the party may bring replevin where trespass would lie, and thus avoid the penalty of the statute, still the actions are not synonymous, as trespass cannot be maintained in every case where replevin would lie, as in a distress for rent. In *trover*, double costs have been allowed as one of the species of the action on the *case*, and therefore coming within the provisions of the law ; but upon the most liberal construction, the statute cannot be extended to the action of replevin. There must therefore be a retaxation, and the double costs stricken out. As to the items of the bill specially objected to, the court give the following directions :

I. When a cause is not duly noticed for trial, neither party is entitled to charge for preparing for trial.

II. When a cause is tried on the first day of the circuit, one day only is allowed for the attendance of witnesses, besides travel fees.

III. An attorney or counsel is not entitled to fees as a witness.

IV. When a cause is removed by *certiorari*, from a court of common pleas to this court, only one retaining fee and one brief are taxable.

V. When the same person acts as attorney and counsel in a cause, he cannot charge fees for services in both characters, but may elect in which he will charge.